UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ISAIAH BUTLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00233-LEW |
| | ) | |
| HANNAH SIMMONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at the Kennebec County Correctional Facility, seeks to recover monetary damages from various prison officials and the Kennebec County Correctional Facility based on a search of his cell and subsequent actions by jail officers. (Complaint, ECF No. 1.)

In addition to his complaint, Plaintiff filed a motion to proceed without prepayment of fees and costs (ECF No. 2), which motion the Court granted. (Order, ECF No. 3.) In accordance with the governing statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

## LEGAL STANDARD

28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented

plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

### FACTUAL BACKGROUND

According to Plaintiff, on March 26, 2025, while he was in the jail library, two officers searched his cell and found a sharpened toothbrush. (Complaint at 3.) A few hours later, other officers issued Plaintiff a "disciplinary." (*Id.*) Later, another officer offered Plaintiff a "pending re-class." (*Id.*) Plaintiff asserts that he never received a "D-board or was officially re-classed" and "[a]dministrators [] never acknowledged this issue." (*Id.*)

### DISCUSSION

The legal basis for Plaintiff's claim is not apparent from a review of Plaintiff's complaint. Plaintiff has not referenced a constitutional provision, a federal statute, or any other legal authority as a basis for his claim. To the extent Plaintiff seeks to assert a due process claim, Plaintiff fails because he has not alleged that he was deprived of a liberty or property interest. *See McKenny v. Farrington*, No. 2:16-cv-00630-JAW, 2017 WL 825280, at *2 (D. Me. Mar. 2, 2017) (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)). If Plaintiff attempts to assert a claim related to a possible reclassification, Plaintiff's allegations regarding his reclassification or the failure to reclassify him are insufficient to state a constitutional violation as he has failed to allege any circumstances that would

support a finding that his classification resulted in an "'atypical and significant hardship … in relation to the ordinary incidents of prison life.'" *Inman v. Austin*, No. 2:15-cv-00267-JAW, 2015 WL 7770826, at *3 (D. Me. Aug. 24, 2015) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). In sum, Plaintiff has failed to allege an actionable claim. Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of June, 2025.